DAVID DAWSON
C/O 4023 WEST CLINTON AVE #206
FRESNO CA 93722

& mailing

FILED
SEP 24 2025
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

SUI JURIS

REG: 2618 N WISHON AVE FRESNO, CALIFRONIA 93704

UNITED STATES DISTRICT COURT

EASTERN DISTRICT COURT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| DAVID DAWSON<br><br>PETITIONER<br><br>v.<br><br>City of Fresno, Code Enforcement Division; Erica S., Director of Code Enforcement; Josh Anacleto, Code Enforcement Officer, DOES 1-20 | Case No.: _____<br>1:25CV1265 HBK<br><br>COMPLAINT FOR VIOLATION OF<br>CIVIL RIGHTS<br><br>(42 U.S.C. § 1983; Fourth and Fourteenth Amendments) |

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

(42 U.S.C. § 1983; Fourth and Fourteenth Amendments)

- 1 -

## I. INTRODUCTION

This is a civil rights action brought under **42 U.S.C. § 1983** to redress the deprivation of Plaintiff's constitutional rights by Defendants acting under color of state law. Defendants unlawfully entered and inspected property located at **2618 N Wishon Ave, Fresno, California**, despite actual notice that the property was vacant, that trustee contact information was available, and without providing the required affidavit to justify forcible entry. Defendants' actions violated Plaintiff's rights under the **Fourth Amendment** (protection from unreasonable searches) and the **Fourteenth Amendment** (due process).

## II. JURISDICTION AND VENUE

1. Jurisdiction is proper under **28 U.S.C. §§ 1331, 1343** (federal question; civil rights violations).

2. Venue is proper in this Court under **28 U.S.C. § 1391(b)** because the events giving rise to the claim occurred in Fresno County, within the Eastern District of California.

## III. PARTIES

1. **Plaintiff**: Trustee David Dawson, beneficial steward of the property located at 2618 N Wishon Ave, Fresno, CA 93704.

2. **Defendant City of Fresno, Code Enforcement Division**: A municipal agency acting under color of state law.

3. **Defendant Erica S.**: Director of Code Enforcement, sued in both her individual and official capacity.

4. **Defendant Josh Anacleto**: Code Enforcement Officer, sued in both his individual and official capacity.

5. **DOES 1-20**: Additional unknown officers and supervisors responsible for the unlawful acts.

## IV. FACTUAL ALLEGATIONS

1. On 6/25/25, Plaintiff served **Josh Anacleto**, Code Enforcement Officer, with notice via **Certified Mail Tracking No. 9589 0710 5270 2820 6908 40** that the property was **vacant** and provided full trustee contact information.

2. On **July 23, 2025**, Plaintiff served:
   - Erica S., Director of Code Enforcement (**Tracking No.** 7022 3330 0000 9806 0962)

- 3 -

- o Josh Anacleto, Officer (**Tracking No. 7022 3330 0000 9806 0771**)

- o California Attorney General's Office (**Tracking No. 7022 3330 0000 9806 0931**)

  with notice that the home was vacant and that trustee contact was required for lawful notice.

3. Defendants ignored this notice and proceeded to obtain and execute an inspection warrant.

4. The warrant was **posted on the vacant property** instead of being served to the trustee, despite Defendants having good contact information.

5. The warrant was defective because **no affidavit was attached or provided**, contrary to **CCP § 1822.51**.

6. Defendants entered the property and issued code violations, depriving Plaintiff of property rights without due process.

7. Defendants acted willfully and in bad faith to bypass judicial review and obstruct Plaintiff's rights.

## V. CLAIMS FOR RELIEF

**Count 1 – Violation of Fourth Amendment (42 U.S.C. § 1983)**

Defendants conducted an unreasonable search and seizure by entering the property without valid judicial authorization. *Camara v. Municipal Court*, 387 U.S. 523 (1967); *See v. City of Seattle*, 387 U.S. 541 (1967).

**Count 2 – Violation of Fourteenth Amendment – Due Process (42 U.S.C. § 1983)**

Defendants deprived Plaintiff of due process by:

- Failing to provide reasonable notice despite having trustee contact information (*Mullane v. Central Hanover Bank*, 339 U.S. 306 (1950); *Horn v. County of Ventura*, 24 Cal.3d 605 (1979)).

- Posting the warrant at a **known vacant property**, ensuring notice could not be received.

- Entering and issuing violations without giving Plaintiff opportunity to be heard.

**Count 3 – Supervisory and Municipal Liability (Monell Claim)**

The City of Fresno and California Attorney General's Office failed to properly train, supervise, or discipline their employees, leading to systemic disregard for constitutional rights. (*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. **Declaratory Relief**: Declare that Defendants' actions violated Plaintiff's Fourth and Fourteenth Amendment rights.

2. **Injunctive Relief**: Enjoin Defendants from conducting inspections or enforcing violations at 2618 N Wishon Ave absent full compliance with CCP §§ 1822.50–1822.57 and due process.

3. **Compensatory Damages**: For emotional distress, loss of use, and reputational harm, in an amount to be proven at trial.

4. **Punitive Damages**: Against Defendants Erica S. and Josh Anacleto in their individual capacities for willful and reckless disregard of constitutional rights.

5. **Attorney's Fees and Costs:** Under **42 U.S.C. § 1988**.

6. **Any other relief** the Court deems proper.

**VII. DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues triable by jury.

Dated: 23 Sept. 2025

_/s/ David Dawson, Trustee_
David Dawson, Trustee