UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DAWSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF FRESNO, CODE ENFORCEMENT DIVISION, ERICA S., JOSH ANACLETO, and DOES 1-20,<br><br>　　　　　Defendants. | Case No.  1:25-cv-01265-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT CITY OF FRESNO'S MOTION TO DISMISS WITH LEAVE TO AMEND[1]<br><br>(Doc. No.  4)<br><br>FOURTEEN DAY OBJECTION PERIOD |

Pending before the Court is Defendant City of Fresno, Code Enforcement Division's Motion to Dismiss filed October 15, 2025.  (Doc. 4).  Defendant seeks dismissal of the complaint because Plaintiff, as a trustee and a non-attorney, cannot appear without counsel to represent the Trust's interests in this litigation.[2]  (*Id*. at 2).  Plaintiff did not oppose the motion, and the time for doing so has passed.  For the reasons set forth below, the undersigned recommends that the district court grant Defendant's Motion to Dismiss but grant Plaintiff leave to retain counsel and file an amended complaint, if appropriate.

---

[1] This motion was referred by the district court for a preparation of a findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). (Doc. No. 9).

[2] Defendant's motion is also brought pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e), 12(f), and 12(g). (Doc. 4 at 1).  However, because the Court recommends that dismissal is warranted due to Plaintiff being a trustee and a non-attorney, the Court declines to address these additional grounds.  For the same reason, the Court declines to address Defendant's request for judicial notice. (Doc. 4-2).

BACKGROUND

Plaintiff initiated this action by filing a pro se civil complaint against Defendants City of Fresno, Code Enforcement Division's, Erica S. (Director of Code Enforcement), Josh Anacleto (Code Enforcement Officer), and Does 1-20 (collectively "Defendants"), alleging violations of the 4th and 14th Amendments to the U.S. Constitution as well as supervisory and municipal liability under *Monell*.[3]  (Doc. 1 at 5-6).  The complaint identifies Plaintiff as the "[t]rustee and beneficial steward of the property located at 2618 N Wishon Ave, Fresno, CA 93704."  (*Id*. at 2).  Plaintiff alleges that Defendants unlawfully entered and inspected the Trust's property.  (*Id*.).  Specifically, Plaintiff asserts that Defendants were notified that they were lawfully required to contact the trustee to enter the property, but, instead, Defendants improperly posted a warrant on the vacant property without serving it upon the trustee and without providing the required affidavit to justify forcible entry. (*Id*. at 3-4).  The complaint does not identify any beneficiaries. (*See generally id*.).

Defendant City of Fresno, Code Enforcement Division moved to dismiss the complaint, arguing, among other things, that Plaintiff cannot appear without an attorney to represent the Trust's interests in this litigation because he is the trustee and not an attorney.  (Doc. 4 at 2). Plaintiff did not oppose the motion but filed a Notice of Substitution of Plaintiff and Motion for Order Recognizing Successor Trustee as Real Party in Interest.  (Doc. 11).

LEGAL STANDARD

28 U.S.C. § 1654 states, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  The United States Court of Appeals for the Ninth Circuit has construed this statute to mean that "[a]lthough a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. . . . He has no authority to appear as an attorney for others than himself."  *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted).  Where the record does not identify a trust's

---

[3] [3] *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 (1978).

beneficiaries, a trustee who brings a claim on behalf of a trust without an attorney "cannot be viewed as a 'party' conducting his 'own case personally' within the meaning of Section 1654" and "may not claim that his status as trustee includes the right to present arguments pro se in federal court." *Id*. at 698 (emphasis in original); *see Pafford v. Dictos*, 2025 WL 1561804, at *3 n.2 (E.D. Cal. June 3, 2025), *report and recommendation adopted in part*, No. 1:25-CV-00636-KES-BAM, 2025 WL 1865430 (E.D. Cal. July 7, 2025) ("the Court notes that a trustee does not have authority to appear pro se on behalf of a trust."); *Swenson v. United States*, 2013 WL 147814, at *2 (E.D. Cal. Jan. 14, 2013), *report and recommendation adopted*, 2013 WL 1155474 (E.D. Cal. Mar. 19, 2013) (dismissing complaint with leave to amend where "there is nothing in the complaint indicating that plaintiff is a beneficiary as well as the trustee.").

A trustee may appear pro se on a trust's behalf but only if they demonstrate they are the trust's "beneficial owner." *C.E. Pope*, 818 F.2d at 697–98. Where it is unclear if the plaintiff qualifies for this exception, the trust must retain counsel to litigate that threshold issue. *Sundby v. Landau*, No. 2:24-cv-07276-MCS-BFM, 2025 WL 1090165, at *4 (C.D. Cal. Mar. 14, 2025). "Absent argument from counsel representing the trust, the court cannot confirm the trust may be represented in federal court by a nonattorney trustee." *Id*. Therefore, if the plaintiff's status as beneficial owner is not established on the face of the complaint, the trust must retain counsel to submit briefing proving that the non-attorney is entitled to proceed pro se. *See Sundby v. San Diego Cnty. Sheriff's Dep't*, No. 3:24-CV-1535, 2025 WL 1557323, at *5 (S.D. Cal. June 2, 2025).

In addition, this Court's Local Rule 183(a) states, "A corporation or other entity may appear only by an attorney."

ANALYSIS

The complaint in this action identifies Plaintiff as "[t]rustee" and "beneficial steward." (Doc. 1 at 2). Plaintiff has not opposed the instant motion. The complaint does not assert that Plaintiff is the "beneficial owner" nor does Plaintiff identify himself as an attorney in any filings. (*See generally* docket). Accordingly, pursuant to 28 U.S.C. § 1654 and Local Rule 183(a), Plaintiff cannot appear *in propria persona* to represent the trust's interests in this litigation. *See*

3

*C.E. Pope*, 818 F.2d at 697-98; *Pafford*, 2025 WL 1561804, at *3 n.2; *Swenson*, 2013 WL 147814, at *2.

Plaintiff's Notice of Substitution and proposed Motion does not cure this defect. In his Notice, Plaintiff, asserts that he has "resigned as trustee" and that the "trust successor," Jana Williams,[4] is now the real party in interest. (Doc. 11 at 2).[5] Plaintiff argues that under Federal Rule of Civil Procedure 17(a)(1)(E), the successor trustee may sue in their own name. (*Id*. at 4). However, the capacity to be a named party does not confer the right to practice law. The Ninth Circuit has expressly rejected Plaintiff's argument, holding that Rule 17 "does not . . . warrant the conclusion that a non-lawyer trustee can represent the trust pro se." *C.E. Popes*, 818 F.2d at 697; *see also Ministry of Kings & Queens of Moorish Nat'l Ministry Tr. v. Bridgecrest Acceptance Corp*., No. CV-25-01819-PHX-SMM-ESW, 2025 WL 2726324, at *2 (D. Ariz. Sept. 25, 2025) (confirming that while a trustee may substitute their name for the Trust, they cannot appear without counsel).

"Where a party appears improperly without an attorney, the party should be provided an opportunity to seek counsel and be allowed to proceed. Only after being provided an opportunity to do so, and failing to retain counsel, is it appropriate for the court to consider the dismissal of the action." *Swenson* at *3 (citing *Employee Painters' Trust v. Ethan Enterprises, Inc*., 480 F.3d 993, 998 (9th Cir. 2007)).

The undersigned recommends the district court grant Defendant City of Fresno, Code Enforcement Division's Motion to Dismiss without prejudice on the basis that Plaintiff cannot appear *in propria persona*, but grant Plaintiff thirty (30) days to retain counsel and file an amended complaint on the Trust's behalf.

////

////

---

[4] According to the Notice, Ms. Williams shares the same physical address as Plaintiff.

[5] Because pro se Plaintiff has no authority to represent anyone other than himself, he lacks representative capacity to file motions and other documents on behalf of others. *See Johns v. County of San Diego,* 114 F.3d 874, 877 (9th Cir.1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.' ' (quoting *C.E. Pope, infra,* at 697)).

Accordingly, it is RECOMMENDED:

1.      The district court GRANT Defendant's Motion to Dismiss (Doc. 4) to the extent Defendant requests the Court dismiss the Complaint due to Plaintiff's pro se representation of the Trust;

2.      The complaint be DISMISSED without prejudice;

3.      Plaintiff be directed to retain legal counsel on behalf of the Trust and file an amended complaint within thirty (30) days of the district court's order on these Findings and Recommendations.

4.      If Plaintiff fails to retain counsel for the Trust and/or fails to file an amended complaint or seek an extension of time within which to do so, the action be dismissed without prejudice for failure to prosecute pursuant to Local Rule 110.

////

////

////

NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the

Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:    March 29, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE