UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID DAWSON,

           Plaintiff,

    v.

CITY OF FRESNO, CODE ENFORCEMENT DIVISION, ERICA S., JOSH ANACLETO, and DOES 1-20,

           Defendants.

Case No.  1:25-cv-01265-JLT-HBK

ORDER STRIKING UNAUTHORIZED FILING

(Doc. 14)

On April 22, 2026, non-party Jana Williams filed "Plaintiff's Response and Objection to Defendants' Motion to Dismiss and Notice of Defective Service and Failure to Recognize Substitution." (Doc. 14).  The filing is improper and will be stricken.

Under 28 U.S.C. § 1654, a person may appear in federal court only pro se on his or her own behalf or through licensed counsel, and Federal Rule of Civil Procedure 11 requires that filings be signed by counsel of record or by an unrepresented party personally. Ms. Williams is not a party, and she purports to act as trustee for the trust that is the real party in interest. But a non-attorney trustee may not represent a trust pro se in federal court. *See C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987) (trustee not beneficial owner cannot appear pro se for trust); *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993) (artificial entities may appear in federal court only through licensed counsel). As the Ninth Circuit has explained,

although a non-attorney may represent himself, he "has no authority to appear as an attorney for others than himself." *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

In prior Findings and Recommendations on March 30, 2026, the Court concluded that named Plaintiff David Dawson, a non-lawyer trustee, likewise may not represent the trust pro se and must obtain counsel if the action is to proceed, and the Court declined to act on his pro se notice and motion to substitute plaintiff for lack of representative capacity. *See also Jones v. Vector Tech. Sys. LLC*, No. CV-23-01564-PHX-DWL, 2024 WL 3045471, at *1-2 (D. Ariz. June 18, 2024) (striking motions filed by non-attorney trustee proceeding pro se on behalf of trust).

Ms. Williams cannot appear or file documents on behalf of the trust without licensed counsel admitted to practice in this Court, and Doc. 14 was improperly filed.

For clarity, the Court also rejects Ms. Williams's challenge to service. Defendants served their motion to dismiss on David Dawson, the named Plaintiff at the time of filing, and service was not defective on that basis.  In any event, the notice and motion for substitution were filed only after Plaintiff Dawson's deadline to respond to the motion to dismiss had expired.

Accordingly, it is hereby ORDERED:

The Clerk of Court shall STRIKE the improper filing (Doc. 14) from the docket.

Dated:    April 29, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2