**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID DAWSON, | Case No. 1:25-cv-01265-JLT-HBK |
| Plaintiff, | ORDER DISMISSING CASE WITHOUT PREJUDICE |
| v. | |
| CITY OF FRESNO, CODE ENFORCEMENT DIVISION, ERICA S., JOSH ANACLETO, and DOES 1-20, | |
| Defendants. | |

David Dawson is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983 for causes of action related to a trust property.

On March 30, 2026, the Magistrate Judge issued Findings and Recommendations to dismiss the complaint without prejudice because Plaintiff is not an attorney, and the complaint describes him as a trustee without identifying any trust beneficiaries. (Doc. 13 at 3-4.) On May 8, 2026, the Court adopted the Findings and Recommendations in full and ordered Plaintiff to retain counsel for the trust and either file an amended complaint or seek an extension of time to do so no later than 30 days from the date of that Order. (Doc. 16.) The Court warned Plaintiff that failure to comply would result in this action being dismissed without prejudice for failure to prosecute pursuant to Local Rule 110 without further notice. (*Id.*) No counsel has appeared on behalf of

Plaintiff, and the time to do so has expired.[1] Thus, the Court **ORDERS**:

    1.      The case is **DISMISSED WITHOUT PREJUDICE**.

    2.      The Clerk of Court shall terminate any pending motions and close this case.

IT IS SO ORDERED.

Dated:   **June 19, 2026**

UNITED STATES DISTRICT JUDGE

---

[1] On June 8, 2026, non-party Jana Williams filed a "response to Order Adopting the Findings and Recommendations." (Doc. 17.) In it, she asserts David Dawson is no longer serving as trustee and that she is now the duly acting trustee of the trust as well as a beneficiary of the trust. (*Id*. at 3.) To the extent this filing can be construed as a motion for reconsideration of the Court's prior order prohibiting a pro se party from representing a trust in this matter, it is denied because it fails to offer argument or evidence that Ms. Williams is the sole beneficiary, which would be the only possible exception to the rule that a trust must appear through counsel. In fact, the filing repeatedly uses the words "beneficiaries" and thus suggests that the trust has multiple beneficiaries.

    Ms. Williams also requests clarification as to which claims may proceed and whether amendment is permitted. (*Id*.) Though the Court believes its prior orders are clear, it reiterates that because the Plaintiff in this case is seeking to represent a trust in all the claims, none of the claims may proceed without counsel. Ms. Williams' apparent new role as the trustee does not address this essential defect. Nor does Ms. Williams propose a reasonable timeline for obtaining counsel. Rather, she requests substitution "subject to obtaining counsel." (*Id*.) As a result, she will not be permitted to substitute in as the Plaintiff.